## JOHN BORAWSKI
*vs.*
## LIQUOR CONTROL COMMISSION

Court of Common Pleas    Hartford County    File No. 44323

MEMORANDUM FILED JANUARY 15, 1945.

*Leo V. Gaffney,* of New Britain, for the Plaintiff-Appellant.

*Francis A. Pallotti, Attorney General,* and *Thomas J. Conroy, Assistant Attorney General,* for the Defendant-Respondent.

PARMELEE, J. This is an appeal from the action of the Liquor Control Commission. The parties and their witnesses were fully heard by the court concerning the events upon which the action of the Commission was based. Proceedings against this appellant were started as a result of the complaint of two police officers of the City of New Britain who complained to the Commission that on April 23, 1944, at about 1:55 a.m., they were refused admission to the permit premises by the appellant, John Borawski.

On May 15, 1944, the appellant, holder of a restaurant liquor permit at 1159 West Main Street, New Britain, was summoned before the Liquor Control Commission charged with a violation of section 1091c of the 1935 Cumulative Supplement to the General Statutes and was given a hearing on this charge. On May 19, 1944, the said Commission suspended the appellant's said permit for a period of time. The reasons given by the Commission for this action of suspension, as evidenced by the notice to the appellant dated May 19, 1944, is as follows: "Violation of Section 1091c of the Cumulative Supplement to the General Statutes, Revision of 1935; in that you did fail to permit policemen to enter upon your permit premises to ascertain the manner in which you conduct your business."

Section 1091c of the 1935 Cumulative Supplement to the General Statutes reads as follows: "*Entry into disorderly house by officer.* Every officer who shall have a warrant for the arrest of any person charged with keeping a house of ill-fame, or with keeping a house reputed to be a house of ill fame, or a house of assignation or with keeping a house where lewd, dissolute or drunken persons resort, or where drinking, carousing, dancing and fighting are permitted, to the disturbance of the neighbors, or with violating any law against gaming in the house or rooms occupied by him, or with resorting to any house for any of said purposes, or who shall have a warrant for the arrest of any person charged with keeping open any room, place, inclosure, building or structure, of any kind or description, in which it is reputed that alcoholic liquor is exposed for sale contrary to law, or with selling alcoholic liquor in any place contrary to law, or for the seizure of alcoholic liquor, may, at any time, for the purpose of gaining admission to such house, room, place, inclosure, building or structure, or for the purpose of arresting any of the persons aforesaid, make violent entry

into such house, room, place, inclosure, building or structure, or any part thereof, after demanding admittance and giving notice that he is an officer and has such warrant, and may arrest any person so charged and take him before the proper authority. The commission, its agents, the sheriff of the county, and any deputy sheriff by him specially authorized, the chief of police of any town, city or borough, or any policeman by him specially authorized, and any state policeman, may, at any time, enter upon the premises of any permittee to ascertain the manner in which such person conducts his business and to preserve order."

These New Britain police officers who complained to the Commission are the witnesses upon whom the Commission must rely to support their conclusions. Both of these officers testified, and it is found as a fact, that neither of them had an arrest warrant. Also, they both testified, and it is found as a fact, that they had not been specially authorized by the chief of police of the City of New Britain to enter upon the premises Since these complaining police officers do not come within the classes designated as being authorized by this statute to enter the permit premises, it follows that to deny them permission to enter is not a violation of this statute. Their testimony furnishes no basis for a finding that the appellant had violated the statute upon which this suspension was based. This was conceded at the close of the trial by the Assistant Attorney General representing the Commission.

The foregoing is not to be construed as a finding by this court that the appellant did in fact deny these officers permission to enter the permit premises. On the contrary, it is found that these police officers were in fact invited to enter and refused to do so. Their complaint seems to be that they were required to wait a few minutes for a door to be opened from the inside which had slammed shut and automatically locked behind the appellant, who had stepped outside to speak to a waiter who was leaving the premises after his night's work was done. There is no evidence that the officers were at the premises because of complaints or special orders from superiors other than that of routine patrol. The premises had been closed for business since 1:00 a.m. Most of the patrons had left. The appellant and his brother had been checking the cash receipts, and the orchestra was giving a rehearsal try-out to some singers who sought employment with them. There

was no evidence of any disturbance or disorderly conduct calling for the intervention of the police either outside or inside of the permit premises.

The action of the Commission in this case cannot be sustained either upon the law or the facts, and in suspending the permit of this appellant for the reasons stated by them, the Commission acted illegally, arbitrarily, and in abuse of its discretion. The decision of the Commission suspending the appellant's restaurant liquor permit is hereby reversed and the order of suspension declared null and void.